# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERTO ALEJANDRO MATUTE-VAZQUEZ, <br><br> Petitioner, <br><br> v. <br><br> CHARLES GREEN, <br><br> Respondent. | Civil Action No. 16-9169 (MCA) <br><br> MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner's submission of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). For the reasons explained in this Memorandum Opinion, the Court will deny the petition because the record submitted by Respondent shows that Petitioner has already received an individualized bond hearing before an immigration judge, which is the only relief the Court can provide to him.

The Court recounts only the facts necessary to the instant Memorandum Opinion. The Answer filed by Respondent establishes the following relevant facts. Petitioner, a native of Honduras, entered the United States at an unknown place and unknown date. (*See* Ex. A – Notice to Appear, dated September 24, 2013 at 1.) Petitioner was determined to be an alien present in the United States that had been neither admitted nor paroled. (*See id.*)

Petitioner has had several criminal convictions since entering the United States. In 2012, he was convicted of "Harassing Communication" and "Possession of Weapon", and sentenced to fifteen months of prison. (*See* Ex. B – Record of Deportable/Inadmissible Alien at 1, 2.) In 2012, he was also convicted of "Public Order Crimes", and sentenced to fifteen months of

1

prison. (*Id.* at 1.) In 2014, Petitioner was convicted of "Resisting Officer", and sentenced to twelve months of prison. (*Id.*) On January 31, 2016, Petitioner was arrested for selling heroin, and that case is pending. (*Id.*) Petitioner has also been identified as a member of the gang Mara Salvatrucha (MS-13). (*See* Ex. B at 2-3.)

Immigration and Customs Enforcement served Petitioner with a Notice to Appear on March 4, 2014, charging him as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act because he is present in the United States without being admitted or paroled. (*See* Ex. A.) Petitioner was taken into ICE detention on May 13, 2016. (*See* Ex. C – Notice to EOIR: Alien Address.) ICE determined that Petitioner's detention is governed by 8 U.S.C. §1226(a). (*See* Ex. D – Notice of Custody Determination at 4.)

Since he was taken into ICE custody, Petitioner has received two bond determinations before an Immigration Judge. On May 31, 2016, an Immigration Judge denied Petitioner's request for change in custody status. (*See* Ex. E – Order of the Immigration Judge with Respect to Custody, dated May 31, 2016.) Subsequently, on October 12, 2016, the Immigration Judge determined that Petitioner was a danger to the community and a flight risk, and denied his second request for a change in custody status. (*See* Ex. F – Order of the Immigration Judge with Respect to Custody, dated October 12, 2016.)

On December 12 2016, Petitioner filed the instant Petition for Habeas Corpus, complaining that his detention is unlawful. The government answered the Petition, and Petitioner has not filed a reply. (*See* ECF No. 4.)

When Petitioner was taken into custody by DHS/ICE, he was subject to pre-final order of removal detention pursuant to INA § 236(a), 8 U.S.C. § 1226(a). Section 1226(a) authorizes the arrest, detention and release of aliens on bond pending a decision on whether the alien is to be

removed from the United States, except as provided in § 1226(c). *See* 8 U.S.C. § 1226(a). Section 1226(c), an exception to § 1226(a), mandates detention of specified criminal aliens during removal proceedings, provided detention does not continue for a prolonged period of time. *See* 8 U.S.C. § 1226(c); *Diop v. ICE/Homeland Sec.*, 656 F.3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community"); *see also Nepomuceno v. Holder*, No. CIV. 11-6825 WJM, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (explaining same). Here, Petitioner is being held under the discretionary detention provision of 8 U.S.C. § 1226(a), in which he is entitled to a bond hearing, and not 8 U.S.C. § 1226(c), which requires a bond hearing only in cases of unreasonably prolonged detention. *See, e.g., Garcia v. Green*, No. 16-0565(KM), 2016 WL 1718102 (D.N.J. April 29, 2016).

The record submitted by Respondent shows that Petitioner has already received two bond hearings before an immigration judge – which is the only remedy available to him before this Court. *See* 8 C.F.R. § 1003.19(c). Although Petitioner contends in his Petition that he is not a danger to the community or a flight risk and apparently disagrees with the IJ's decision to deny bond on that basis, he does not allege that the bond hearings provided to him were anything less than *bona fide* hearings. Nor has he submitted a reply to the government's Answer. This Court does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291 (KM), 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or

decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole")); *see also Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a *bona fide* bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted). Here, the Court will deny the Petition because Petitioner has received the only relief he could have been granted – specifically, a bond hearing before an IJ.[1]

The Court further notes that Petitioner may seek bond redetermination based upon changed circumstances, *see* 8 C.F.R. § 1003.19(e); the Petition, however, does not allege that Petitioner has sought (and been denied) a bond redetermination hearing based on changed circumstances. Furthermore, any claim for a bond hearing based on changed circumstances should not be brought in this Court; rather, it must be brought in the immigration court, and any adverse decision must be appealed to the BIA. *See* 8 C.F.R. § 1003.19(e). Accordingly, to the extent Petitioner is seeking another bond hearing based on changed circumstances, it appears that he has not exhausted his administrative remedies. *Nepomuceno*, 2012 WL 715266, at *2

---

[1] To the extent Petitioner becomes subject to a final order of removal, he may seek habeas relief in a new petition if his detention becomes unreasonably prolonged.

4

("Although 28 U.S.C. § 2241 contains no exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'") (citing *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998)).

For the reasons explained in this Memorandum Opinion, the Petition is denied. An appropriate Order follows.

Madeline Cox Arleo, U.S.D.J.